# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEROME LEVI PORTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-1165-W |
| | ) |
| JOE M. ALLBAUGH,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Terome Levi Porter, an Oklahoma prisoner appearing pro se, has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. (Doc. No. 1); *see also* Supp. Br. (Doc. No. 6). United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) (Doc. Nos. 4, 10). The undersigned has examined the Petition and recommends the Court dismiss it as untimely.

BACKGROUND

In April 2008, in Kay County District Court, Petitioner pled guilty to possession of a controlled dangerous substance with intent to distribute. Pet. at 1.[2] The trial court

---

[1] Petitioner named Tim Wilkinson, Warden at Davis Correctional Facility, as Respondent. Pet. at 1. However, because Petitioner is housed in a private prison, the proper Respondent is Joe M. Allbaugh, the Oklahoma Department of Corrections Interim Director. *See* 28 U.S.C. § 2242; *Gamble v. Calbone*, 375 F.3d 1021, 1023 n.2 (10th Cir. 2004) (noting that substitution of the Department of Corrections Director for the private prison warden as respondent was proper "because the Oklahoma [Department of Corrections] bears responsibility for the custody and supervision of inmates housed in private prisons"), *superseded by statute on other grounds as recognized in Magar v. Parker*, 490 F.3d 816, 818-19 (10th Cir. 2007).

deferred Petitioner's sentencing for four years. *Id.* at 1, 3. On May 3, 2012, pursuant to the State's motion to accelerate the judgment, the trial court sentenced Petitioner to 25 years' imprisonment. *Id.* at 3. Petitioner moved to withdraw his guilty plea the same day; the trial court denied the motion on May 29, 2012. *Id.* Petitioner appealed both the new sentence and the denial of his motion to withdraw his guilty plea. On October 29, 2013, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed both decisions. *Id.* at 3-6.

Petitioner then filed in the trial court an application for postconviction relief on September 22, 2014, which was denied on November 3, 2014. *Id.* at 8-14. Petitioner filed a notice of appeal, *id.* at 15, but failed to file a timely petition in error. On that ground, the OCCA declined jurisdiction over the appeal on January 16, 2015. *Id.* at 27-28. On February 4, 2015, Petitioner sought permission to file an appeal out of time. *Id.* at 17. The trial court denied the motion two days later. *Id.* at 40. Petitioner does not allege that he appealed that decision to the OCCA.

Petitioner filed his federal habeas Petition on October 15, 2015,[3] arguing a violation of due process and ineffective assistance of counsel during both his guilty plea and accelerated sentencing hearings. *See id.* at 25, 29; Supp. Br. at 2-6.

---

[2] Citations to Petitioner's pleadings will refer to this Court's CM/ECF pagination.

[3] In some circumstances, the Court would deem the Petition filed the day Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Petitioner did not sign or date his Petition; therefore, the undersigned applies the date the Court received the Petition. *See Price v. Philpot*, 420 F.3d 1158, 1164-65 (10th Cir. 2005) (finding that to take advantage of the prison mailbox rule, the prisoner bears the burden of attesting he gave the pleading to officials for filing).

ANALYSIS

A. *Screening Requirement*

The Court is required to review habeas petitions and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. A district court may sua sponte dismiss a habeas petition if it is "clear from the face of the petition itself" that the petition was not filed within the applicable limitations period. *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *accord Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

B. *AEDPA's Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitations for prisoners to challenge their state-court convictions or sentences:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Here, only § 2244(d)(1)(A) is implicated.

    1. Initial Filing Deadline

Under Oklahoma law, when a trial court accelerates a defendant's deferred sentence, the defendant can "appeal his underlying plea at the same time he challenges the validity of the acceleration order." *Klein v. Jones*, No. CIV-12-1064-F, 2012 WL 6962975, at *3 (W.D. Okla. Dec. 27, 2012) (R. & R.) (citing *Gonseth v. State*, 871 P.2d 51, 54 (Okla. Crim. App. 1994)), *adopted*, 2013 WL 360050 (W.D. Okla. Jan. 29, 2013). Petitioner did so here, and the OCCA affirmed the conviction and the acceleration on October 29, 2013. Pet. at 3. Because Petitioner did not file a petition for a writ of certiorari in the U.S. Supreme Court, his conviction became final when the ninety-day period to do so expired on January 27, 2014. *See Fleming*, 481 F.3d at 1257-58; U.S. Sup. Ct. R. 13.1. Therefore, Petitioner's one-year limitations period under § 2244(d)(1)(A) began to run January 28, 2014, and expired on January 28, 2015. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (citing *United States v.*

*Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)); *Brown v. Roberts*, 501 F. App'x 825, 832 (10th Cir. 2012); 28 U.S.C. § 2244(d)(1)(A).

As noted above, Petition did not file his Petition until October 15, 2015, over eight months after the filing time expired. Thus, the Petition is time-barred unless Petitioner can show that he is entitled to statutory or equitable tolling.

2. <u>Statutory Tolling</u>

The AEDPA limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed an application for postconviction relief on September 22, 2014, and it was pending for forty-three days when the trial court denied it on November 3, 2014. On January 16, 2015, the OCCA rejected Petitioner's subsequent appeal because his petition in error was not timely filed.

These circumstances entitle Petitioner to statutory tolling of 73 days. Petitioner is credited with the 43 days his postconviction relief application was pending before the trial court and an additional 30 days from the time of that decision until it became final. Because his appeal of the denial of postconviction relief was untimely, Petitioner is not entitled to statutory tolling for the 75 days between the trial court's denial of postconviction relief and the OCCA's rejection of that appeal. *See Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016) ("[B]ased on the OCCA's conclusion that Petitioner's state post-conviction appeal was untimely as a matter of state law, the district court correctly held that this appeal did not statutorily toll the federal limitations period . .

5

. ."); *see also Jones v. Oklahoma*, 191 F. App'x 752, 754-55 (10th Cir. 2006). "Nonetheless, the limitations period was tolled during the 30-day period that he could have timely filed a petition in error." *Jones*, 191 F. App'x at 754-55. These combined 73 days for statutory tolling extended Petitioner's habeas filing deadline to April 11, 2015.

On February 4, 2015, Petitioner filed another application for postconviction relief seeking an appeal out of time. The trial court denied the application on February 6, 2015. There is no evidence Petitioner appealed that decision to the OCCA; nevertheless, he is again entitled to tolling for the 30 days in which he could have taken such steps. *See Gibson v. Klinger*, 232 F.3d 799, 803-04 (10th Cir. 2000) (regardless of whether a petitioner actually appeals a denial of a postconviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). With an additional 33 days' tolling, Petitioner's filing time was extended to May 14, 2015.

  3. <u>Equitable Tolling</u>

The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *See id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevent[] a

prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808.

Petitioner does not directly raise any arguments for equitable tolling. Pet. at 37-38. However, in his Supplemental Brief he states the trial court denied his request for transcripts, which hindered his ability to perfect his postconviction appeal. Supp. Br. at 6. Even assuming this claim could be construed as requesting equitable tolling, it would fail.

"Standing alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011), *cited with approval by United States v. Denny*, 694 F.3d 1185, 1192 (10th Cir. 2012). Here, Petitioner's claims are based on events that would have been apparent at the time of his guilty plea proceedings and accelerated sentence hearing. *See* Pet. at 25, 29; Supp. Br. at 2-6. Under such circumstances, Petitioner cannot establish a lack of transcripts was an extraordinary circumstance that prevented him from filing his habeas petition. *See United States v. Williams*, 219 F. App'x 778, 779 (10th Cir. 2007) ("Williams argues that equitable tolling is appropriate because of the difficulties he had in obtaining his trial transcripts. However, none of the delays he cites constitute extraordinary circumstances beyond his control." (internal quotation marks omitted)).

4. Summary

With statutory tolling, Petitioner's limitations period expired on May 14, 2015, and he has not shown that he is entitled to equitable tolling. Because Petitioner did not file his Petition until October 15, 2015, the Court should dismiss the Petition as untimely.

RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the Petition (Doc. No. 1) as untimely.

NOTICE OF RIGHT TO OBJECT

The undersigned advises Petitioner he has a right to file an objection to the Report and Recommendation with the Clerk of this Court by June 16, 2016, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, Petitioner is advised that the objection serves as his opportunity to further address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no concerns with the magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of Court is directed to serve the Petition and this Report and Recommendation on Respondent and the Attorney

General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 26th day of May, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE