IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |  |
|---|---|---|
| TEROME LEVI PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-15-1165-W |
| | ) | |
| JOE M. ALLBAUGH, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On May 26, 2016, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that the Court dismiss as time-barred the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Terome Levi Porter. Porter, who is proceeding pro se, was advised of his right to object, see Doc. 11 at 8, and the matter now comes before the Court on Porter's Objection to the Report and Recommendation ("Objection"). See Doc. 12.

Upon de novo review of the record, the Court concurs with Magistrate Judge Goodwin's suggested disposition of this matter. Porter's Petition, which was filed pursuant to title 28, section 2254 of the United States Code, is subject to the one (1)-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For purposes of AEDPA, Porter's conviction and sentence for possession of a controlled dangerous substance with intent to distribute in violation of title 63, section 2-401(B)(1) of the Oklahoma Statutes[1] became final on January

---

[1] Porter pled guilty on April 23, 2008, but his sentence was deferred for four (4) years. At the request of the State of Oklahoma to accelerate the deferred sentence, Porter was sentenced on May 3, 2012, to a term of imprisonment of twenty-five (25) years, with all but the first fifteen (15) years suspended. Porter v. State, No. CF-2007-227.

28, 2014; Porter therefore had until January 28, 2015, to seek relief under section 2254. The instant Petition is file-stamped October 15, 2015. This matter is therefore time-barred, absent statutory or equitable tolling of AEDPA's one (1)-year statute of limitations.

As Magistrate Judge Goodwin found, Porter is entitled to statutory tolling of 106 days, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), which extends Porter's deadline to challenge his conviction and sentence to May 24, 2015. Even so, as the record shows, the instant Petition and the grounds raised therein are untimely.

As Magistrate Judge Goodwin further found, Porter is not entitled to equitable tolling. The United States Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' . . . ." Holland v. Florida, 560 U.S. 631, 649 (2010)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(citation omitted)). Equitable tolling is appropriate, for purposes of the instant case, if Porter can establish that "uncontrollable circumstances . . . prevent[ed] . . . [him] from timely filing . . . ," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), his federal habeas claims.

In both his Objection and his Supplemental Brief, see Doc. 6,[2] Porter has complained about his inability to obtain copies of transcripts. Case law teaches, however, that "[s]tanding alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." Hall v. Warden, Lebanon Correctional

---

[2] Porter filed a Motion for Transcripts at Public Expense on September 3, 2015. See Doc. 6-1. His request was denied on September 23, 2015. See Doc. 6-2 (wherein the Honorable Philip A. Ross, District Judge for Kay County, Oklahoma, noted that transcripts had been previously provided as part of the appeal process).

Institution, 662 F.3d 745, 750-51 (6th Cir. 2011)(citations omitted), cited with approval in United States v. Denny, 694 F.3d 1185, 1192 (10th Cir. 2012). Because Porter's grounds for relief as set forth in his Petition are based on events that would have been apparent at the time he pled guilty on April 23, 2008, and at the time the accelerated sentence hearing was conducted on May 3, 2012, Porter's failure to secure copies of transcripts would not be an extraordinary "uncontrollable circumstance[ ]," Gibson, 232 F.3d at 808, that would require equitable tolling.

Porter has also argued that the Court should toll the limitations period during the time he was ordered to appear in state court

> on a writ, which required him to pack all of his personal property[ and] place [the same] in intake [at] . . . Davis Correctional Facility [("DCF")], [and be] transport[ed] to the Kay County Detention Center [("KCDC")] until [the] writ [was] . . . satisfied or released . . . , [and] then [be] transported back to DCF, wait for the intake department to release [his] personal property, then access [his] legal materials, schedule appointments for the law library and notify [the] mail department to release the hold on incoming mail.

Doc. 12 at 3. Porter has listed certain dates that DCF was on lockdown, see id. at 4; see also Doc. 1 at 22, and that he was incarcerated at KCDC. See Doc. 12 at 3. He has argued that these periods of time amount to "a combined total of 47 days or more," id. at 5, that should extend the limitations period.

Based on extant case law, the Court finds that these periods of time do not constitute "'rare and extraordinary circumstances,'" Gibson, 232 F.3d at 808 (quotation omitted), that justifiably toll AEDPA's statute of limitations. See Parker v. Jones, 260 Fed. Appx. 81 (10th Cir. 2008)(cited pursuant to Tenth Cir. R. 32.1)(lack of access to library during lockdown insufficient to support equitable tolling, absent specific showing regarding

steps taken to diligently pursue habeas claims).³ Furthermore, even if these lockdowns and periods of restricted access to legal documents, the law library or research materials served to toll the limitations period, assuming these periods are not duplicative and have not otherwise been counted, Porter's Petition would still be time-barred. See United States v. Williams, 219 Fed. Appx. 778 (10th Cir. 2007)(cited pursuant to Tenth Cir. R. 32.1).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on May 26, 2016; and

(2) DISMISSES Porter's Petition with prejudice.

ENTERED this 23rd day of June, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

³While Porter has cited specific lockdown dates and identified time periods when access to legal and research materials and the law library was limited or unavailable, Porter has "not identif[ied] any particular legal argument that he was unable to develop [ ]or . . . otherwise explain[ed] how his lack of access to legal materials prevented him from filing his . . . [P]etition in a timely manner." Randall v. Allbaugh, 2016 WL 3211964 *4 (N.D. Okla. 2016)(citing Parker, 260 Fed. Appx. at 85 (inmate's vague allegations that he was in lockdown and had no access to legal materials will not justify equitably tolling limitations period); Everson v. Kansas Department of Corrections, 232 Fed. Appx. 815, 817 (10th Cir. 2007)(petitioner failed to provide specific facts showing how segregation or lack of access to legal resources impeded his ability to timely file claim)(cited pursuant to Tenth Cir. R. 32.1); Kerchee v. Jones, 2011 WL 305847 *5 (W.D. Okla. 2011)(petitioner's claim that confiscation of legal papers and mail interfered with his ability to file timely motion was impediment that required petitioner to show specific steps taken to pursue claims))(further citation omitted).